CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 13 2018
JULIA C. DUDLEY, CLERK
BY: /s/ Moo
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

THOMAS E. WIDENER, )
)
Plaintiff, ) Civil Action No. 7:17CV00225
v. )
) **MEMORANDUM OPINION**
NANCY BERRYHILL, Acting )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Senior United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Thomas Erick Widener, was born on June 26, 1977, and eventually completed the eleventh grade in school. Mr. Widener has worked as a grocery picker, furniture mover, and construction worker. He last worked on a regular and sustained basis in 2012. On April 24, 2014, Mr. Widener filed applications for disability insurance benefits and supplemental security income benefits. Mr. Widener alleged disability based on hypochondria, bipolar disorder, depression, anxiety, panic attacks, paranoia, pain in his left elbow and neck, and headaches. He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Widener met the insured

status requirements of the Act at all relevant times covered by the Commissioner's decision. See, gen., 42 U.S.C §§ 416(i) and 423(a).

Mr. Widener's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 29, 2016, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Widener suffers from several severe impairments, including anxiety and a history of substance abuse. (Tr. 16). Because of these impairments, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. (Tr. 25). However, the Law Judge held that Mr. Widener retains sufficient functional capacity for a full range of work at all exertional levels subject to certain non-exertional limitations. The Law Judge assessed Mr. Widener's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to the performance of simple, routine, tasks. The claimant should not work with the general public and should not be required to have more than occasional interaction with co-workers or supervisors.

(Tr. 18). Given such a residual functional capacity, and after considering Mr. Widener's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retains sufficient functional capacity to perform several specific work roles existing in significant number in the national economy. (Tr. 26). Accordingly, the Law Judge ultimately concluded that Mr. Widener is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Widener has now appealed to this court.

While the plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court believes that the Commissioner reasonably concluded that plaintiff retains sufficient physical capacity to engage in a full range of exertional activities. However, with regard to non-exertional limitations, the court must conclude that the Law Judge did not account for all of the manifestations of plaintiff's mental conditions in the hypothetical questions put to the vocational expert. Thus, the court finds "good cause" for remand of this case to the Commissioner so that all of plaintiff's work-related limitations can be considered in assessing his capacity for other work roles.

The medical record confirms that Mr. Widener has reported symptoms of anxiety to his treating physicians. However, Mr. Widener did not receive an evaluation or treatment from a trained psychologist before applying for benefits. Consequently, the state agency referred Mr. Widener to a psychological consultant, Dr. Marvin A. Gardner, Jr., who evaluated Mr. Widener on April 20, 2016. Dr. Gardner determined that Mr. Widener's anxiety, panic disorder, and hypochondriasis would likely cause him to miss more than four days of work per month and that

3

Mr. Widener experiences a marked impairment of concentration, persistence, or pace that prevents him from performing work activities on a consistent basis. (Tr. 507-08). The Law Judge gave "little weight" to Dr. Gardner's opinion, determining that the report relied on Mr. Widener's subjective complaints and abnormal presentation at a one-time evaluation, neither of which the Law Judge found to be consistent with the medical record as a whole. (Tr. 23). The Law Judge also accorded "little weight" to the opinions of two non-examining state agency psychologists, who opined that Mr. Widener only experiences mild limitations in concentration, persistence, or pace. (Tr. 23). As with Dr. Gardner's opinion, the Law Judge concluded that the non-examining psychologists' opinions were inconsistent with Mr. Widener's medical record. The Law Judge ultimately determined that Mr. Widener experiences moderate difficulties with concentration, persistence, or pace. In this context, the Law Judge commented as follows:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant usually did not complain of significant problems with concentration, persistence, or pace. Likewise, treating practitioners did not observe and record such abnormalities. The claimant had some significant mental status abnormalities at his one consultative evaluation. However, this is a significant anomaly compared to his many appointments with treating practitioners.

(Tr. 17).

The difficulty in this case is that in formulating a hypothetical question for the vocational expert, the Law Judge did not attempt to account for his conclusion that Mr. Widener experiences moderate difficulties in concentration, persistence, or pace. The Law Judge asked the vocational expert only to consider the following non-exertional limitations: that Mr. Widener is limited to simple, routine tasks involving no interaction with the general public and little to no interaction with coworkers or supervisors. (Tr. 66-68). While the Law Judge adopted the vocational expert's opinion that plaintiff can perform work as an assembler, packer, or inspector,

4

the vocational expert was not asked to consider the significance of moderate limitations in concentration, persistence, or pace in the performance of such jobs, all of which would seemingly require sustained attention and concentration. Nevertheless, the Law Judge relied on the testimony of the vocational expert in determining that Mr. Widener retains sufficient functional capacity for several specific work roles existing in significant number in the national economy.

In Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.

Id. at 50 (citations omitted).

In his opinion, the Administrative Law Judge did not offer any rationale for omitting moderate limitations in concentration, persistence, and pace in his assessment of plaintiff's residual functional capacity, or in his hypothetical questions propounded to the vocational expert. The court notes that in similar cases, the Commissioner often argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple and routine tasks. However, the court is simply unable to conclude that the hypothetical questions, which assumed that plaintiff can perform unskilled work which requires nothing more than the execution of simple job instructions, was sufficient to alert the vocational expert to the existence of moderate limitations in plaintiff's concentration, work persistence, and attendance to task. Indeed, the court believes that consideration of such limitations would be especially important in assessing capacity for production line work such as that required to be an assembler.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments.

Id. (citations omitted); see also Millhouse v. Astrue, No. 8:08-cv-378-T-TGW, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) (noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F. Supp. 3d 639, 642-43 (W.D. Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the United States Court of Appeals for the Fourth Circuit reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638. The court believes that the rationale of Mascio applies directly to Mr. Widener's appeal. Thus, the court finds "good cause" for remand of the case to the Commissioner for further consideration of this critical issue.

In opposing a remand during the hearing before this court, the defendant cited to the recent Fourth Circuit decision in Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017). The court finds this case to be distinguishable. In Sizemore, the non-examining state agency consultant opined that Mr. Sizemore's "mental health issues imposed moderate difficulties in . . . maintaining concentration, persistence, or pace, but that they were not so severe as to necessarily qualify him for benefits.'" Id. at 77. The state agency consultant "concluded overall that Sizemore was 'mentally capable of independently performing basic, routine tasks on a sustained basis.'" Id. The Law Judge accorded "'significant weight'" to the state agency consultant's opinion. Id. at 80. In posing hypothetical questions to the vocational expert, the Law Judge asked whether an individual capable of performing simple one to two step tasks would be able to perform any available work roles. Id. at 79. The vocational expert concluded that such an individual could perform several unskilled jobs. Id. Relying on the state agency consultant's opinion and the vocational expert's response, the Law Judge denied Mr. Sizemore's applications for benefits. Id. at 80.

In this case, the state agency consultant, Dr. Gardner, opined that, although Mr. Widener "is able to perform simple and repetitive work tasks[,] . . . "[h]e is not able to perform work activities on a consistent basis as he has a marked impairment of concentration, persistence of [sic] pace." (Tr. 507-08). The Law Judge then asked the vocational expert whether a hypothetical person capable of completing simple, routine tasks could perform any work roles existing in significant numbers in the national economy without accounting for Dr. Gardner's

7

opinion that Mr. Widener could not perform those activities on a sustained basis. (Tr. 68). The Law Judge had accorded little weight to Dr. Gardner's opinion. However, the only difference the court can discern between the opinion of Dr. Gardner and the opinion of the state agency consultant in Sizemore is that the opinion of Dr. Gardner is favorable to the claimant while the opinion of the state agency consultant in Sizemore was unfavorable to the claimant. Accordingly, the court does not believe that Sizemore supports the Law Judge's decision in this case. Stated differently, the court believes Sizemore is the opposite of this case.

Furthermore, as a general rule, it makes little sense to refer the plaintiff for a clinical evaluation by a psychologist if that psychologist's findings are to be rejected for being a one-time consultation. The Law Judge gave the same weight to Dr. Gardener's opinion as he did to the opinions of the non-examining state agency consultants. Under 20 C.F.R. §§ 404.1527(d) and 416.927(d), "more weight" must be accorded to the opinion of a medical source who has actually examined the claimant. If the Commissioner had reason to believe that Dr. Gardner's assessment was incomplete, inaccurate, or overstated, the Commissioner had full authority to require Mr. Gardener to appear for a consultative psychological evaluation by another mental health specialist designated by the state disability agency. See 20 C.F.R. §§ 404.1517, et seq., and 416.917, et seq. Instead, in this case, the state disability agency chose the psychologist who performed the only mental health examination in the record. Under these circumstances, the court believes that it was incumbent upon the Commissioner to offer some meaningful reasons to support the rejection of Dr. Gardner's estimate as to plaintiff's ability to concentrate and sustain work activities. Simply stated, the Law Judge owes a "duty of explanation." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The court should not be left to speculate as to the

8

reasons for the administrative decision. Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013); Fox v. Colvin, 632 F. App'x 750 (4th Cir. 2015).

On appeal to this court, the plaintiff asserts that the final decision of the Commissioner should be reversed based on the Administrative Law Judge's failure to give sufficient weight to the findings and opinion of Dr. Gardner and for other deficiencies in the Law Judge's opinion. Mr. Widener points out that the Law Judge failed to recognize that Dr. Gardener's report relied not only on Mr. Widener's statements, but also on Dr. Gardner's testing of Mr. Widener's cognitive functioning. However, even if the court assumed that the Law Judge's reasons for giving little weight to Dr. Gardner's opinions are supported by substantial evidence, the court believes the appropriate remedy would still be to remand the case to the Commissioner for further consideration of these issues. Inasmuch as the court has determined to remand the case for other reasons, plaintiff will be permitted to make arguments regarding the weight accorded to Dr. Gardner's opinions to a fact finder at the time of a supplemental administrative hearing. Also in light of the court's decision to remand the case to the Commissioner, the court declines to address Mr. Widener's remaining claims of error.

In summary, the court concludes that the critical hypothetical questions posed by the Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, and pace, were not consistent with the evidence of record, or the Law Judge's explicit findings. Accordingly, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which time a comprehensive hypothetical question can be put to a qualified vocational expert. Upon remand, both parties will have the opportunity to present

9

additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 9th day of February, 2018.

_____
Senior United States District Judge